## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Dwayne David Daniel,

        Petitioner,                      Case Number: 24-cv-12971

                                                        Honorable Sean F. Cox

v.

John Christiansen,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Dwayne David Daniel filed a habeas corpus petition under 28 U.S.C. § 2254, challenging his convictions for second-degree murder and assault with intent to commit murder. In his habeas petition, filed *pro se*, Petitioner raises claims concerning the effectiveness of trial counsel, the voluntariness of his confession, and the sentencing proceeding. The Court directed Petitioner to show cause why his case should not be dismissed as barred by the statute of limitations.[1] (ECF No. 4.) Petitioner did not file a response to the show-cause order. For the reasons set forth below, the Court denies the petition as untimely.

---

[1] Petitioner was also ordered to show cause why the case should not be dismissed for failure to exhaust state court remedies. Because the petition was not timely filed, the Court need not address whether Petitioner's claims were exhausted in state court.

## I. Background

Petitioner was charged in Wayne County Circuit Court with first-degree premeditated murder, assault with intent to murder, and second-degree murder. On August 8, 2011, he pleaded guilty to second-degree murder and assault with intent to commit murder. He was sentenced to 40 to 60 years' imprisonment for the murder conviction and 20 to 30 years' imprisonment for the assault conviction.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. The court of appeals denied leave to appeal. *People v. Daniel*, No. 307347 (Mich. Ct. App. Jan. 13, 2012). The Court's search of online state court records shows that Petitioner did not file an application for leave to appeal with the Michigan Supreme Court.

Petitioner filed this habeas corpus petition on November 8, 2024.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq., includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner does not allege that a state-created impediment prevented the timely filing of his petition, that his petition is based on a newly recognized constitutional right, or that it is based upon a newly discovered factual predicate. Therefore, subsection (A) of the statute applies, and the one-year statute of limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2241(d)(1)(A).

Petitioner's convictions became final on March 9, 2012, that is 56 days after the Michigan Court of Appeals denied his application for leave to appeal. *See Gonzalez v. Thaler*, 565 U.S. 134, 152-53 (2012) (holding that where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires); Mich. Ct. R. 7.305(C)(2).  The limitations period commenced the following day, March 10, 2012.  The limitations period continued to run uninterrupted until it expired one year later.  The petition, filed over ten years after the limitations period expired, is untimely.

AEDPA's one-year limitations period is not a jurisdictional bar and may be equitably tolled where a habeas petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). "Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the 'ultimate burden of persuading the court that he or she is entitled to equitable tolling.'" *Keeling*, 673 F.3d at 462 (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)). Petitioner does not assert an argument for equitable tolling in his petition and has not replied to the show cause order. The Court sees no evidence in the record that some extraordinary circumstance prevented him from filing a timely habeas petition. The Court therefore declines to equitably toll the limitations period. The petition was not timely filed and will be denied.

**III. Certificate of Appealability and Leave to Appeal** *In Forma Pauperis*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the

conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

The Court grants Petitioner leave to appeal *in forma pauperis* because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

## IV. Conclusion

For the reasons set forth, the Court denies the petition for a writ of habeas corpus with prejudice. The Court denies a certificate of appealability and grants leave to proceed *in forma pauperis* on appeal.

IT IS SO ORDERED.

April 14, 2025

s/Sean F. Cox
Sean F. Cox
U. S. District Judge

5